**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ERIC DAVID KELLER,**

  **Plaintiff,**

  **v.**              Case No. 16-2538

**BANK OF AMERICA, N.A.,**

  **Defendant.**

**MEMORANDUM & ORDER**

This matter comes before the court upon defendant Bank of America, N.A.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) and plaintiff Eric David Keller's Motion to Remand (Doc. 11).

 **I.**  **Plaintiff's motion to remand**

Plaintiff seeks to remand this case to the District Court of Douglas County, Kansas, because he argues that his claims are all state law causes of action. (Doc. 11, at 1–2.) Plaintiff brings claims for (1) fraudulent business practice; (2) neglect and lack of concern for consumer credit; (3) identity theft; and (4) personal injury. (Doc. 1-1, at 2.) Defendant removed this action because it claims that plaintiff's "neglect and lack of concern for consumer credit" claim is completely preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681s-2(a), 1681t(b)(1)(F), and it argues that the court should exercise supplemental jurisdiction over plaintiff's remaining three claims because they arise out of the same operative facts. (Doc. 1, at 1–2.)

 **A.**  **Legal standard for motions to remand**

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d 908, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No.*

*2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)).  A federal court has jurisdiction over a claim if it is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Civil actions filed in state courts over which district courts have original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The well-pleaded complaint rule usually governs whether a claim arises under federal law.  *Sharp v. Wellmark, Inc.*, 744 F. Supp. 2d 1191, 1194 (D. Kan. 2010).  It provides that federal jurisdiction lies where plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Smoky Hills Wind Farm, LLC v. Midwest Energy, Inc.*, No. 15-1116-JTM, 2015 WL 3833378, at *2 (D. Kan. June 22, 2015) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1993)).  "Even if a federal question appears on the face of a well-pleaded complaint, federal jurisdiction is not automatic."  *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).  For removal to be appropriate, the federal question must be "contested and substantial."  *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)).

The well-pleaded complaint rule allows a plaintiff to be the master of his own claim by allowing him to avoid federal jurisdiction by choosing to raise only state law claims.  *Id.*  Potential defenses are generally not a sufficient basis for removal.  *Dutcher*, 698 F.3d at 985.  "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The party claiming jurisdiction has the burden to show it by a preponderance of the evidence. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003).  There is a presumption against finding federal jurisdiction, until the party invoking it makes an adequate showing.  *Id.* at 1194.  "Doubtful cases must be resolved in favor of remand." *Colbert v. Union Pac. R. R. Co.*, 485 F. Supp. 2d 1236, 1239 (D. Kan. 2007) (quoting *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d, 1232, 1234 (D. Kan. 1999)).

### B.    Complete preemption

Defendant argues that this case is removable because plaintiff's state law credit reporting claim is preempted by the FCRA.  The complete preemption exception to the well-pleaded complaint rule provides that "when a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed.  *Sharp*, 744 F. Supp. 2d at 1195 (quoting *Beneficial Nat'l Bank*, 539 U.S. at 8).  Complete preemption differs from ordinary preemption because it involves a "situation in which a federal law not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting Congress's intent to permit removal." *Colbert*, 485 F. Supp. 2d at 1240 (quoting *Schmeling v. NORDAM*, 97 F.3d 1336, 1342 (10th Cir. 1996)).  To employ the exception, a court must find that a claim falls within the scope of a federal statute that Congress intended to completely displace all state law on the issue and comprehensively regulate the area.  *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1221 (10th Cir. 2011).

"Complete preemption is a rare doctrine, one that represents an extraordinary pre-emptive power." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204 (10th Cir. 2012) (internal citations omitted).  The United States Supreme Court warns not to imply the doctrine lightly and has recognized complete preemption in only three areas: § 301 of the Labor Management

Relations Act of 1947 ("LMRA"); § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"); and actions for usury against national banks under the National Bank Act. *Id.* (citing *Hanson*, 641 F.3d at 1221; *Avco Corp. v. Aero Lodge No. 735 Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557 (1968) (LMRA); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (ERISA); and *Beneficial Nat. Bank*, 539 U.S. 1 (2003) (National Bank Act). There is a two-part test to determine whether complete preemption is appropriate: (1) whether the federal regulation at issue preempts the state law plaintiff relies on; and (2) whether Congress intended to allow removal in such cases, manifested by the creation of a federal cause of action to enforce the regulation. *Devon*, 693 F.3d at 1205. For complete preemption to apply, the federal remedy must provide some vindication for the same basic right or interest alleged by the plaintiff. *Id.* at 1207.

### C. Discussion

The FCRA's purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . . ." 15 U.S.C. § 1681(b). The "FCRA enables consumers to protect their reputations, and to protect themselves against the dissemination of false or misleading credit information." *Holland v. GMAC Mortg. Corp.*, No. 03-2666-CM, 2006 WL 1133224, at *11 (D. Kan. Apr. 26, 2006). "The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information." *Aklagi v. Nationscredit Fin.*, 196 F. Supp. 2d 1186, 1192 (D. Kan. 2002).

Defendant argues that the FCRA completely preempts state law claims based on a furnisher's alleged failure to investigate a consumer's credit dispute. (Doc. 15, at 3.) Although plaintiff does not specifically claim that defendant is a "furnisher," plaintiff alleges sufficient facts that he is a consumer

-4-

within the meaning of the statute, and that defendant has provided incorrect information concerning plaintiff's bank account.

Defendant does not claim that it is a consumer reporting agency ("CRA") or user of consumer reports. "The FCRA does not define the term 'furnisher,' but courts have defined the term as an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies." *Jarrett v. Bank of Am.*, 421 F. Supp. 2d 1350, 1352 n.1 (D. Kan. 2006). At this stage in the litigation, the court makes all reasonable inferences in plaintiff's favor, and concludes that plaintiff's complaint adequately alleges that defendant is a furnisher for purposes of the FCRA. *Cf. Jarrett*, 421 F. Supp. 2d at 1351–52. Therefore, the obligations set forth in 15 U.S.C. § 1681s–2 apply to defendant as a furnisher of credit information. *See Aklagi*, 196 F. Supp. 2d at 1192.

Plaintiff claims that there is an existing account in his name at Bank of America, defendant's bank, but he never opened or attempted to open the account. (Doc. 1-1, at 1.) Plaintiff states that he contacted defendant about this account. (*Id.* at 2.) Plaintiff claims that defendant was negligent by not taking action to resolve the matter and that he has been unable to continue banking at a preexisting financial institution because of defendant's negligence. He claims that this account is negatively affecting his credit. In plaintiff's response, he alleges that defendant failed to investigate and resolve his credit dispute. (Doc. 12, at 1.) Based on these allegations, the court finds that plaintiff is challenging defendant's conduct after defendant was notified of plaintiff's dispute.

Section 1681s–2 of the FCRA identifies two types of obligations owed by furnishers of information: "those addressing their duty 'to provide accurate information' to credit reporting agencies, as stated in [s]ection 1681s–2(a); and their duty under [s]ection 1681s–2(b), upon receiving notice of consumer disputes from reporting agencies, to investigate said disputes and report the results to consumer reporting agencies." *Cox v. Beneficial Kansas, Inc.*, No. 04-4128-JAR, 2005 WL 627974,

at *3 (D. Kan. Mar. 9, 2005) (internal citation omitted). Plaintiff claims that he notified defendant of the account, therefore Section 1681s–2(a)(1)(B)(i)—which prohibits furnishers from providing inaccurate information to CRAs after the furnisher has been notified by the consumer of the inaccuracy—applies. *Id.* "Section 1681t(b)(1)(F) of the FCRA provides that '[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of [furnishers] of information to consumer reporting agencies . . . .'" *Id.*

Two other courts in this district have held that § 1681t preempts state law claims only to the extent that defendant's alleged unlawful actions occurred after defendant received notice of plaintiff's dispute. *See Cox*, 2005 WL 627974 at *3; *Aklagi*, 196 F. Supp. 2d at 1194–95. Plaintiff claims that defendant was notified of the dispute and that it neglected to resolve the matter, therefore, plaintiff's "neglect and lack of concern for consumer credit" claim is completely preempted by the FCRA and his motion to remand is denied.

## II. Defendant's motion to dismiss

Plaintiff proceeds pro se. Defendant argues that plaintiff's petition fails to meet basic pleading requirements pursuant to Fed. R. Civ. P. 8. and that plaintiff fails to state his fraud claim with particularity as required by Fed. R. Civ. 9. (Doc. 10, at 5–6.)

The court construes pro se filings liberally and judges them against a less stringent standard than pleadings filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is not the proper function of the district court to assume the role of advocate for a pro se litigant. *Whitney v. N.M.*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Pro se litigants are required to follow the same rules as other litigants. *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

However, a court may "make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *Garrett*, 425 F.3d at 840 (quoting *Bellmon*, 935 F.2d at 1110).

### A. Fraudulent business practices

Plaintiff brings a claim for fraudulent business practices. (Doc. 1-1, at 2.) However, plaintiff alleges no facts that defendant committed any type of fraudulent business practice. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In plaintiff's response, he notes that defendant has knowledge of the fraudulent account, but fails to correct the matter. (Doc. 12, at 1.) Plaintiff also claims that defendant's fraud department informed him that the only way to resolve the matter was to pay the negative balance in full. (*Id.* at 2.) Plaintiff argues that defendant's failure to take action on the suspicious account amounts to a negligent and malicious business practice. But these allegations do not state a claim for fraud or suggest that defendant deceived plaintiff in any way. Plaintiff fails to state a claim for fraud under Rules 9(b) and 12(b)(6); his fraudulent business practices claim is therefore dismissed.

### B. FCRA claim

Plaintiff's FCRA claim consists of two separate claims: (1) defendant, as a furnisher of information, failed to provide accurate information in violation of § 1681s–2(a); and (2) defendant failed to investigate the dispute in violation of § 1681s–2(b)(1).

Furnishers are required to provide accurate information to CRAs under 15 U.S.C. § 1681s–2(a). *Jarrett*, 421 F. Supp. 2d at 1353 n.2 (D. Kan. 2006). But Congress did not create a private right of action for violation of this provision. *Id.* (citing *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F.

Supp. 2d 1312, 1316 (N.D. Okla. 2003)). The FCRA provides that section § 1681s–2(a) "shall be enforced exclusively . . . by Federal agencies and State officials." 15 U.S.C. § 1681s–2(d); *Cox*, 2005 WL 627974 at *5.

On the other hand, § 1681s–2(b) does create a private cause of action by a consumer against a furnisher of credit information for failing to investigate after receiving notice of a dispute by a CRA. *Tilley v. Glob. Payments, Inc.*, 603 F. Supp. 2d 1314, 1322 (D. Kan. 2009). A consumer may obtain his or her actual damages, costs of the action, and attorney's fees if a furnisher of information is negligent in failing to comply with a requirement of § 1681s–2(b). *Id.*

In order to state a claim under § 1681s–2(b)(1), plaintiff must plausibly allege: (1) that after he notified a CRA of a dispute; (2) the CRA notified defendant, furnisher of the information of the dispute; and (3) after notification, defendant failed to adequately investigate. *See Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 651 (E.D.N.C. 2014). Notice by a consumer directly to the furnisher of the information does not trigger the furnisher's duties under section 1681s–2(b). *Aklagi*, 196 F. Supp. 2d at 1193. Instead, the furnisher must be notified by a CRA to trigger the duty. *Id.*

Defendant claims that plaintiff fails to show that defendant is a "furnisher." (Doc. 10, at 6.) For the reasons set out above, the court finds that defendant is a furnisher under the FCRA.

Defendant claims that plaintiff does not allege that he notified a CRA or that a CRA notified defendant of his dispute. (Doc. 10, at 7–8.) Plaintiff makes no such allegation in his petition. Plaintiff does state in his response that he contacted two CRAs, Experian and Tans Union, about this dispute. (Doc. 12, at 2.) Plaintiff further claims that these CRAs informed him that plaintiff's dispute and police report had been filed and sent to defendant for review.

Under the plain language of § 1681s–2(b), a furnisher of credit information has a duty to investigate a dispute only after receiving notice from a CRA—not merely notice from a consumer. *See*

*Aklagi*, 196 F. Supp. 2d at 1193; *Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228, 1236 (D. Wyo. 2002) (reasoning that a § 1681s–2(b) private cause of action is available only where the furnisher received notice of the dispute from a CRA, as opposed to the consumer)). A plaintiff's FCRA claim is plausible to the extent that he or she alleges that a furnisher failed to reasonably investigate the dispute when notified by a CRA. *Id.*

Here, plaintiff's petition contains no such allegation. Plaintiff does claim in his response brief that he notified two CRAs about his dispute and that these CRAs contacted defendant with this information. "'[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1483, at 587 (2d ed. 1990) and *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). The court therefore grants plaintiff leave to amend his FCRA claim under § 1681s–2(b).

### C. Identity theft

Defendant argues that identity theft is a crime under Kan. Stat. Ann. § 21-6107 that cannot be brought in a civil action. (Doc. 10, at 8.) Plaintiff is a private citizen and does not have standing to bring criminal prosecutions. *See Sump v. Schaulis*, No. 07-4014-RDR, 2007 WL 1054277, at *1 (D. Kan. Apr. 9, 2007). Therefore, plaintiff's claim for identity theft is dismissed.

### D. Personal injury

Defendant claims that plaintiff fails to allege any facts to support a claim based on personal injury. Plaintiff responds that he was injured from his inability to open up a new account or retain an active account in good standing as a result of defendant's conduct. (Doc. 12, at 3).

While plaintiff's claims show that he was injured as a result defendant's conduct, plaintiff fails to plead a separate claim of "personal injury."  Defendant argues that Kansas does not recognize a stand-alone personal injury cause of action.  (Doc. 10, at 8.)  Plaintiff does not add any context to his claim of personal injury and the court will not try to find a factual and/or legal basis for such a claim. *See, e.g.*, *Elstun v. Spangles, Inc.*, 217 P.3d 450, 453 (Kan. 2009) ("In a personal injury action based upon negligence, the plaintiff must show 'the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered.'").  Plaintiff fails to sufficiently plead a personal injury claim under Fed. R. Civ. P. 8(a) and 12(b)(6).

**IT IS THEREFORE ORDERED** that plaintiff Eric David Keller's Motion to Remand (Doc. 11) is denied.  The court has jurisdiction over plaintiff's FCRA and supplemental state claims.

**IT IS FURTHER ORDERED** that defendant Bank of America, N.A.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9) is granted in part and denied in part.  The court grants plaintiff leave to amend his FCRA claim under § 1681s–2(b)(1)—defendant's duty to investigate after notice from the CRAs.  Plaintiff has until January 31, 2017 to file an amended complaint.  If no amended complaint is filed defendant's motion will be granted in full and this case will be dismissed and closed.

Dated January 13, 2017, at Kansas City, Kansas.

                                                          s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**